**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | |
| v. | : | DATE FILED: |
| | : | |
| DAVID CASTLE | : | VIOLATIONS: |
| | : | 18 U.S.C. § 641 (theft of public money – |
| | : | 3 counts) |
| | : | Notice of forfeiture |

**INFORMATION**

**COUNTS ONE THROUGH THREE**

**THE UNITED STATES ATTORNEY CHARGES THAT:**

At all times material to this information:

1.      On March 27, 2020, the Coronavirus Aid, Relief, and Economic Security Act (CARES Act) was signed into law. The CARES Act created the Pandemic Unemployment Assistance (PUA) program, which provided unemployment benefits to individuals not eligible for regular unemployment compensation or extended unemployment benefits.

2.      The PUA program was administered by the various states, including the Commonwealth of Pennsylvania, but its benefits were funded by the federal government.  In Pennsylvania, the Pennsylvania Department of Labor and Industry (PA DLI) administered the PUA program, on behalf of the United States Department of Labor, which was responsible for overseeing the PUA program.

3.      PA DLI required a PUA claim to be made online via the PUA website, https://pua.benefits.uc.pa.gov. The applicant was required to enter personal identification information (PII), including name, date of birth, social security number, email address, telephone

number, and a physical address. An applicant was also required to answer a series of questions that enabled the PA DLI to determine the applicant's eligibility and payment amount.

4.      While each state administered its own PUA program, the application used by each state was a standard online application form. The form consisted of 27 different sections including a range of questions within each section. Some of the questions asked for the applicant's PII and biographical information while other questions addressed the applicant's eligibility for the program and work history. An applicant was required to provide his or her current employment status and answer if he or she was able to accept a job if offered.

5.      The applicant must also disclose if they were unemployed as a result of a pandemic or major disaster. If the applicant's employment had not been affected as a result of a pandemic or major disaster, the applicant was not eligible for PUA benefits.

6.      In the 'self-certification' section of the application, the applicant was required to answer questions regarding the nature and impact of a pandemic or major disaster on the applicant's employment status. An applicant was only eligible to receive weekly PUA benefits if the applicant was unemployed for reasons related to the COVID-19 pandemic. Second, the applicant was required to disclose the date of the applicant's last day of work.

7.      As to all of these preceding questions, the applicant was required to "acknowledge that I understand that making the certification is under penalty of perjury and intentional misrepresentation in self-certifying that I may fall in one or more of these categories is fraud."

8.      The applicant was also required to certify once again as to the application that "all information is true and complete" and that if the applicant provided false information

the applicant could be subject to criminal prosecution.

9.      If PA DLI approved an application for PUA benefits, the applicant was then eligible to receive benefits in the form of checks, electronic fund transfers, or debit cards, and the checks and debit cards were mailed to the physical address that appears on the application.

10.      Defendant DAVID CASTLE, acting without authority, obtained and used in applications for PUA benefits, the names, dates of birth, and social security numbers for himself and other persons. Using this information, defendant CASTLE filed fraudulent PUA applications for himself and others. Defendant CASTLE also used stolen identities to file fraudulent PUA applications.

11.      Defendant DAVID CASTLE made false statements in the PUA applications in order to have the applications approved for PUA benefits. The mailing addresses defendant CASTLE listed on the applications were addresses where he and others could access the mail to obtain the fraud proceeds.

12.      As a result of the fraudulent applications defendant DAVID CASTLE filed for himself and others, PUA benefits of approximately $159,000 were fraudulently issued.

13.      PA DLI records do not show any reportable employment for defendant DAVID CASTLE.

14.      On or about each date set forth below, in the Eastern District of Pennsylvania, defendant

**DAVID CASTLE**

willfully and knowingly stole and converted, to his use and the use of another, money and a thing of value of the United States, specifically, Pandemic Unemployment Assistance funds under the

care of the United States Department of Labor, in a value exceeding $1,000, and made payable to

the persons and in the amounts indicated below, each transaction constituting a separate count.

| COUNT | DATE | PAYEE | AMOUNT |
|---|---|---|---|
| 1 | June 29, 2020 | D.E. | $6,000 |
| 2 | June 29, 2020 | M.M. | $9,152 |
| 3 | June 26, 2020 | DAVID CASTLE | $6,000 |

All in violation of Title 18, United State Code, Section 641.

## <u>NOTICE OF FORFEITURE</u>

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:**

1.      As a result of the violations of Title 18, United States Code, Section 641, as set forth in this information, defendant

### DAVID CASTLE

shall forfeit to the United States of America any property that constitutes, or is derived from, proceeds traceable to the commission of such offenses, including, but not limited to, the sum of $159,295.

2.      If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the Court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c) incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

5

All pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C).

**JACQUELINE C. ROMERO**
**UNITED STATES ATTORNEY**

*No.*_ _ _ _ _ _ _ _ _ _

**UNITED STATES DISTRICT COURT**

Eastern District of Pennsylvania

<u>Criminal Division</u>

THE UNITED STATES OF AMERICA

vs.

DAVID CASTLE

INFORMATION

Counts
18 U.S.C. § § 641 (theft of public money – 3 counts)
Notice of forfeiture

A true bill.

_____
Foreperson

Filed in open court this _____day,
Of _____A.D. 20_____
_____
Foreperson

Bail, $_____